Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
November 12, 2019

**2019 CO 94**

**No. 18SC331, Boland v. Colorado Medical Board—Administrative Law—Colorado
Medical Board—Disciplinary Procedures—Subpoenas.**

In this companion case to *Colorado Medical Board v. McLaughlin*, 2019 CO 93,
__ P.3d __, which the supreme court also decides today, the court is again asked
to determine whether an investigative subpoena issued by the Colorado Medical
Board (the "Board") can have a lawfully authorized purpose if the investigation
was prompted by a complaint made by the Colorado Department of Public Health
and Environment (the "CDPHE") pursuant to a policy that violated the Open
Meetings Law (the "OML") or the State Administrative Procedure Act (the
"APA").

For the reasons articulated in *McLaughlin*, ¶¶ 22–37, the court concludes that
because the CDPHE, as a state agency and not a "state public body," could not
violate the OML and did not violate the APA in developing the policy at issue or
in referring doctors to the Board under that policy, the petitioner's argument that
the investigative subpoena lacked a lawfully authorized purpose because it was

based on a policy that violated the OML and the APA is based on a flawed premise and is therefore unpersuasive. Even if the CDPHE's adoption of the policy at issue and its reliance on it were invalid, however, the court concludes that the Board's investigative subpoena had a lawfully authorized purpose because it was issued pursuant to the Board's statutory authority to investigate allegations of unprofessional conduct and was properly tailored to that purpose.

Accordingly, the court affirms the judgment of the division below and remands this case for further proceedings consistent with this opinion.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

### 2019 CO 94

---

### Supreme Court Case No. 18SC331
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 16CA1269

---

### Petitioner:

James Boland, M.D.,

v.

### Respondent:

Colorado Medical Board.

---

### Judgment Affirmed
*en banc*
November 12, 2019

---

**Attorneys for Petitioner:**
Hershey Decker Drake
Carmen N. Decker
Kaylyn Peister
        *Lone Tree, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Ashley E. Moller, Senior Assistant Attorney General
Sierra R. Ward, Senior Assistant Attorney General
        *Denver, Colorado*

Maxfield Gunning, LLP
Eric H. Maxfield
        *Boulder, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

¶1    In this companion case to *Colorado Medical Board v. McLaughlin*, 2019 CO 93, __ P.3d __, which we are also announcing today, we are again asked to determine whether an investigative subpoena issued by the Colorado Medical Board (the "Board") can have a lawfully authorized purpose if the investigation was prompted by a complaint made by the Colorado Department of Public Health and Environment (the "CDPHE") pursuant to a policy that violated the Open Meetings Law (the "OML") or the State Administrative Procedure Act (the "APA").[1]

¶2    For the reasons articulated in *McLaughlin*, ¶¶ 22–37, we conclude that (1) because the CDPHE, as a state agency and not a "state public body," could not violate the OML and did not violate the APA in developing the policy at issue or in referring doctors to the Board under that policy, James Boland's argument that the investigative subpoena lacked a lawfully authorized purpose because it was based on a policy that violated the OML and the APA is based on a flawed premise and is therefore unpersuasive and (2) even if the CDPHE's adoption of the policy at issue and its reliance on it were invalid, the Board's investigative subpoena

---

[1] We granted certiorari to review the following issue:

> Whether an agency investigative subpoena can have a lawfully authorized purpose even if the investigation was prompted by a complaint from a different agency under a referral policy that violated the Open Meetings Law or Administrative Procedure Act.

nonetheless had a lawfully authorized purpose because it was issued pursuant to the Board's statutory authority to investigate allegations of unprofessional conduct and was properly tailored to that purpose.

¶3 Accordingly, we affirm the judgment of the division below and remand this case for further proceedings consistent with this opinion.

## I. Facts and Procedural History

¶4 Boland is a physician licensed to practice medicine in Colorado. He primarily examines patients to determine if they would benefit from the use of medical marijuana.

¶5 Information related to medical marijuana in Colorado is maintained by the CDPHE in a confidential registry that includes the names of all patients who have applied for and are entitled to receive a marijuana registry identification card, as well as the names and contact information for the patients' physicians and, if applicable, their primary caregivers. Colo. Const. art. XVIII, § 14(3)(b); Dep't of Pub. Health and Env't, 5 Colo. Code Regs. 1006-2:1(A) (2019). If the CDPHE has reasonable cause to believe that a physician has violated either section 14 of article XVIII of the state constitution, section 25-1.5-106(5)(a)–(c), C.R.S. (2019), or the rules promulgated by the CDPHE pursuant to section 25-1.5-106(3), all of which govern physicians who certify medical conditions for applicants to the medical marijuana program, then the CDPHE may refer the matter to the Board for an

4

investigation and determination. § 25-1.5-106(6); 5 Colo. Code Regs. 1006-2:8(B) (2019).

¶6     In May 2014, the CDPHE implemented Medical Marijuana Policy No. 2014-01 ("the Referral Policy"). The Referral Policy provides that the CDPHE will use its statistical reviews of physician medical marijuana recommendations to determine whether reasonable cause exists to refer a physician to the Board for investigation. Factors to be considered include (1) whether a physician has a high caseload, as determined by the number of patients for whom medical marijuana is recommended (a high caseload is calculated as 3,521 or more patient recommendations in one year); (2) whether a physician recommended increased plant counts for more than thirty percent of his or her caseload; and (3) whether more than one-third of the physician's patient caseload is under the age of thirty.

¶7     In June 2014, the CDPHE referred Boland to the Board for investigation based on his "[h]igh plant count recommendations and high percent of patients under age of 30 [sic] for medical marijuana referrals." Thereafter, the Board sent Boland a letter informing him that it had received "concerning information" regarding his conduct as a licensed physician, specifically involving a possible violation of the Colorado Medical Practice Act, §§ 12-240-101 to -145, C.R.S.

5

(2019).[2] The letter explained that the Board was required by law to investigate the complaint, which the Board noted had been initiated by the CDPHE pursuant to the Referral Policy. The Board thus requested that Boland send a written response to the allegations within thirty days and further indicated that it would be issuing a subpoena for pertinent patient records relating to the complaint. The Board then sent Boland a subpoena ordering him to produce complete medical records for any and all patients aged thirty and younger who were examined on three specifically identified dates.

¶8 Boland refused to comply with the subpoena, and he and several other physicians whom the CDPHE had referred to the Board and who had received subpoenas from the Board filed suit in the Denver District Court, seeking, among other things, to enjoin the Board from enforcing its subpoenas. As grounds therefor, the physicians alleged, among other things, that the CDPHE and the Board violated the OML when they adopted the Referral Policy and that any referrals based thereon were unfounded.[3]

---

[2] Effective October 1, 2019, the Colorado Medical Practice Act was relocated from article 36 of title 12 to article 240 of the same title. For convenience, we will cite the Act in accordance with its current location in the Colorado Revised Statutes.

[3] This case ultimately resulted in our opinion in *Doe v. Colorado Department of Public Health & Environment*, 2019 CO __, __ P.3d __, which we are also announcing today.

¶9    At about the same time, the Board filed the present action, seeking to enforce the subpoena against Boland. Boland filed an opposition brief in which he argued, as pertinent here, that the Referral Policy was developed in violation of the OML and that any action taken pursuant to that Policy was void. In light of these alleged facts, Boland asserted that the Board's investigation was not initiated for a lawfully authorized purpose and that therefore the subpoena should not be enforced.

¶10    The district court subsequently granted the Board's motion to enforce the subpoena. As pertinent here, the court found that (1) any injunctive relief granted by the district court in the *Doe* action would bind only the CDPHE and not the Board; (2) the Colorado Medical Practice Act vests the Board with the authority to conduct investigations and issue administrative subpoenas regarding those investigations; and (3) the Board has a statutory duty to investigate licensed physicians who engage in unprofessional conduct, including a failure to meet generally accepted standards of conduct. The court concluded, "Given the broad purpose set forth in the statute, as well as the statutory duty imposed on [the Board] to investigate a physician whose actions fall below the generally accepted standard of medical practice, the court finds that the subpoena was issued for a lawfully authorized purpose."

¶11    Boland appealed this order, and in a divided, published opinion, a division of the court of appeals affirmed. *Colo. Med. Bd. v. Boland*, 2018 COA 39, __ P.3d __.

7

In so ruling, the majority began by assuming, for purposes of the appeal, that the CDPHE had adopted the Referral Policy in violation of the OML. *Id.* at ¶ 30. The majority concluded, however, that the CDPHE's conduct did not determine whether the Board acted lawfully in issuing the subpoena to Boland. *Id.* at ¶ 33. Instead, the division looked to the Board's statutory duties under the Colorado Medical Practice Act and concluded, "The Board received a complaint, gave Dr. Boland an opportunity to respond, which he did, and then issued the subpoena. The purpose of the investigation is to ascertain whether he acted unprofessionally. Under these circumstances, we conclude the Board subpoena had a lawful purpose." *Id.* at ¶ 39.

¶12 In reaching this conclusion, the majority distinguished this court's decision in *Board of Medical Examiners v. Duhon*, 895 P.2d 143 (Colo. 1995), in which we had invalidated a Board subpoena. *Boland*, ¶¶ 37–39. The majority observed that *Duhon* involved a question of when in the course of an investigation the Board is authorized to issue a subpoena, a question of timing that is not presented here. *Id.*

¶13 Judge Taubman dissented, reiterating the views that he expressed in his majority opinion in *McLaughlin v. Colorado Medical Board*, 2018 COA 41, 425 P.3d 1187, in which the division, in a divided, published opinion, invalidated a Board subpoena in circumstances that parallel those presented here.

¶14 Boland petitioned this court to review the division's judgment, and we granted the petition.

## II. Analysis

¶15 In *McLaughlin*, we addressed the same issue as is presented in this case. For the reasons that we articulated there, we conclude that because neither the CDPHE's adoption of the Referral Policy nor its referral of Boland to the Board violated the OML or the APA, Boland's contention that the subpoena to him was void because the Policy and referral were void is based on a flawed premise and is therefore unpersuasive. *See McLaughlin*, ¶¶ 24–25. Even if the adoption of the Referral Policy and the referral itself violated the OML or the APA, however, we still conclude that the Board's subpoena to Boland had a lawfully authorized purpose because it was issued pursuant to the Board's statutory authority to investigate allegations of unprofessional conduct and was properly tailored to that purpose. *See id.* at ¶¶ 26–37.

## III. Conclusion

¶16 For the foregoing reasons, we affirm the judgment of the division below.

9